23-06004B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

CHRISTOPHER HEINZE,          )
                                            )
                     Plaintiff,    )
           vs.                     )     Case No.  **24 CV 12578**
                                           )
FILIP CANAK and LYFT, INC.,     )
                                            )
                  Defendants.   )

## NOTICE OF REMOVAL

For and in support of his Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1446, and 1441, Defendant, FILIP CANAK ("CANAK"), by and through his attorneys, Jendryk, Hamer & Begley, LLC, states as follows:

1.      On June 10, 2024, Plaintiff filed a Complaint at Law in the Circuit Court of Cook County, Illinois, captioned _Christpher Heinze vs. Lyft Inc., and Filip Canak,_ under circuit court case No. 2024 L 006390.  See Complaint, attached as ***Exhibit A***.

2.      Plaintiff's Complaint sounds in negligence based on an alleged motor vehicle accident purportedly taking place on October 10, 2023, at 4343 North Clarendon Avenue, in the City of Chicago, County of Cook, State of Illinois. (Exh. A at ¶3).

3.      Plaintiff served Defendant, Lyft, Inc., through its Illinois Registered Agent on June 13, 2024, attached as ***Exhibit B***.

4.      Plaintiff has not served Defendant, CANAK per the Cook County Court Docket. See Cook County Docket, attached as ***Exhibit C***.

5.      This Court has jurisdiction over the matter under 28 U.S.C. §1332(a), because there is complete diversity of the parties and more than $75,000, alleged in controversy.

1

6.     Plaintiff is a resident of the State of Illinois. (Exh. A at ¶2)

7.     Defendant, Lyft Inc., is a corporation organized under the laws of the State of Delaware, with its principal place of business in California. See Illinois Secretary of State Corporation File Detail Report for Lyft, Inc., attached as ***Exhibit D***.

8.     Defendant, CANAK is a resident of the State of Virginia, with a primary residence of 4301 Columbia Pike, Arlington, Virginia, 22204.

9.     The Illinois Code of Civil Procedure does not require a party to plead a maximum amount of damages in an Illinois state court filing, just the minimum. Here, each count of Plaintiff's Complaint claims damages in excess of $50,000, totaling in excess of $200,000. (Exh. A at Prayer and SCR 222 Affidavit, each Count).

10.     Accordingly, this Court has jurisdiction over this action because (1) there is complete diversity of citizenship between the parties; and (2) the value of Plaintiff's claimed economic and non-economic damages clearly place more than $75,000 in controversy. See 28 U.S.C. §§ 1332.

11.     Defendant's removal is timely. Pursuant to 28 U.S.C. § 1446(b)(2)(B) and (b)(3), a party seeking removal must file notice "within thirty days after receipt by the defendant, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

12.     Defendant, CANAK remains unserved and only recently received a copy of Plaintiff's Complaint on or about December 5, 2024. Accordingly, CANAK has thirty (30) days from December 5, 2024, to file its notice of removal or, more particularly, until January 5, 2025. Therefore, CANAK has satisfied all requirements for removing this action to Feceral Court. 28 U.S.C. § 1446(b)(2)(A)-(C) and (b)(3).

13.     Removal to this Court is proper under 28 U.S.C. § 1441(a), because the Northern District of Illinois, Northern Division is the district and division serving Cook County, Illinois, where the plaintiff resides; the state court action is pending; and where the accident occurred giving rise to the claim.

14.     Where this lawsuit meets the requirements for diversity jurisdiction, and Defendant CANAK timely filed and served its Notice of Removal, this instant lawsuit qualifies for removal to Federal Court. Therefore, CANAK requests this lawsuit's removal from Cook County Circuit Court's Law Division to the United States District Court for the Northern District of Illinois, Eastern Division.

WHEREFORE, Defendant, FILIP CANAK, respectfully requests this cause of action's removal to the United States District Court for the Northern District of Illinois, Eastern Division.

Respectfully submitted,

FILIP CANAK

By: /s/ Brian M. Begley

Jendryk, Hamer & Begley, LLC
300 S. County Farm Road, Suites A-B,
Wheaton, IL 60187
(630) 221-1730
(630) 221-1752 – Fax
bbegley@jhblawfirm.com
llestina@jhblawfirm.com

*Counsel for Defendant, Filip Canak*

## <u>CERTIFICATE OF SERVICE</u>

      I, the undersigned attorney, certify that I served the persons listed below by email on December 6, 2024.

/s/ Brian M. Begley

**Attorney for Plaintiff:**
M. Catelyn Viggiano
Keating Law Offices, P.C.
111 W. Washington Street, Suite 1631
Chicago, IL 60602
(312) 239-6787
catelyn@keatinglegal.com


**Attorney for Lyft:**
Richard Huettel
Cassiday Schade LLP
222 West Adams Street, Suite 2900
Chicago IL 60606
(312) 444-2467
rhuettel@cassiday.com

FILED
6/10/2024 1:03 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024L006390
Calendar, B
28044737

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

CHRISTOPHER HEINZE,                      )
                                         )
    Plaintiff,                           )
                                         )
vs.                                      )          No.
                                         )
FILIP CANAK and LYFT, INC.,              )
                                         )
    Defendants.                          )

## COMPLAINT AT LAW

NOW COMES the Plaintiff, CHRISTOPHER HEINZE, by and through his attorneys, KEATING LAW OFFICES, P.C., and for his Complaint at Law against the Defendants, FILIP CANAK and LYFT, INC., state as follows:

### COUNT I: NEGLIGENCE
### CHRISTOPHER HEINZE v. FILIP CANAK

1.      On October 10, 2023, and at all times relevant herein, Plaintiff CHRISTOPHER HEINZE was a resident of the City of Chicago, County of Cook and State of Illinois.

2.      On October 10, 2023, and at all times relevant herein North Clarendon Avenue was a public thoroughfare running in a general north/south direction in the City of Chicago, County of Cook and State of Illinois.

3.      On October 10, 2023, at approximately 7:20 p.m., Plaintiff CHRISTOPHER HEINZE was riding his bicycle northbound in the designated bike lane on North Clarendon Avenue at approximately 4343 North Clarendon Avenue in the City of Chicago, County of Cook and State of Illinois.

1



* 5 0 4 3 3 7 3 5 *

4.     At the time and place aforesaid, Defendant FILIP CANAK operated a motor vehicle, namely a 2017 Audi A6, in the driveway of 4343 North Clarendon Avenue in the City of Chicago, County of Cook and State of Illinois.

5.     At the time and place aforesaid, Defendant FILIP CANAK controlled a motor vehicle, namely a 2017 Audi A6, in the driveway of 4343 North Clarendon Avenue in the City of Chicago, County of Cook and State of Illinois.

6.     At the time and place aforesaid, Defendant FILIP CANAK had ownership interests in a motor vehicle, namely a 2017 Audi A6, in the driveway of 4343 North Clarendon Avenue in the City of Chicago, County of Cook and State of Illinois.

7.     At the time and place aforesaid, and at all times relevant herein, Defendant FILIP CANAK was an employee and/or actual agent and/or apparent agent of Defendant LYFT, INC.

8.     At the time and place aforesaid, and at all times relevant herein, Defendant FILIP CANAK was acting within the scope of his employment, actual and/or apparent agency relationship with Defendant LYFT, INC.

9.     At the time and place aforesaid, and at all times relevant herein, Defendant LYFT, INC., held Defendant FILIP CANAK out to the general public, including Plaintiff CHRISTOPHER HEINZE as an employee and/or actual agent and/or apparent agent.

10.     At the time and place aforesaid, Section 11-502 of the Illinois Rules of the Road provided that a bicycle is a vehicle and every person riding a bicycle upon a highway shall be granted all of the rights applicable to the driver of a motor vehicle.

11.     At the time and place aforesaid, Defendant FILIP CANAK attempted to proceed northbound on North Clarendon Avenue from the driveway located at 4343 North Clarendon Avenue in the City of Chicago, County of Cook and State of Illinois.

2

* 5 0 4 3 3 7 3 5 *

12.     At all times relevant, Plaintiff CHRISTOPHER HEINZE was in the exercise of all due care and caution for his own safety and the safety of others.

13.     At the time and place aforesaid, Defendant FILIP CANAK had a duty to exercise reasonable care in the operation and control of the aforesaid motor vehicle so as not to cause injuries or damages to others, including Plaintiff CHRISTOPHER HEINZE.

14.     Notwithstanding the aforesaid duty of care, Defendant FILIP CANAK committed the following negligent acts and/or omissions:

a.  Failed to yield the right-of-way to a Plaintiff's bicycle approaching on the roadway when attempting to emerge from a driveway, contrary to and in direct violation of 625 ILCS 5/11-906;

b.  Failed to yield the right-of-way to the Plaintiff's bicycle, contrary to and in direct violation of 625 ILCS 5/11-904;

c.  Failed to exercise due care to avoid colliding with any person operating a bicycle, in violation of Section 9-40-160 of the Municipal Code of Chicago and 625 ILCS 5/11-1003.1;

d.  Drove unnecessarily close to, toward, or near a bicyclist, contrary to and in direct violation of 625 ILCS 5/11-703(e);

e.  Carelessly and improperly operated a motor vehicle at a speed that endangered the safety of persons or property contrary to and in direct violation of 625 ILCS 5/11-601;

f.  Moved a motor vehicle into a lane of traffic without first ascertaining that such movement could be made with safety, contrary to and in direct violation of 625 ILCS 5/11-709;

g.  Failed to obey a traffic-control device, contrary to and in direct violation of 625 ILCS 5/11-305;

h.  Failed to properly signal his intention to turn right, contrary to and in direct violation of 625 ILCS 5/11-804;

i.  Starting his vehicle when such movement could not be made with reasonable safety, contrary to and in direct violation of 625 ILCS 5/11-803;

3

\* 5 0 4 3 3 7 3 5 \*

    j.    Failed to yield the preferential right-of-way while entering a roadway from a private roadway, contrary to and in direct violation of 625 ILCS 5/11-904;

    k.    Failed to apply to brakes of a motor vehicle and reduce speed at such a distance as to control the movement of and stop said vehicle before impact, contrary to and in direct violation of 625 ILCS 5/11-601;

    l.    Failed to give an audible warning with the horn of said vehicle as would have been reasonably necessary to ensure safety, contrary to and in direct violation of 625 ILCS 5/12-601;

    m.    Failed to keep said vehicle under proper and sufficient control;

    n.    Failed to sound his horn to provide warning of the impending impact; and

    o.    Was otherwise careless and negligent in operating a motor vehicle.

    15.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions on the part of Defendant FILIP CANAK, the 2017 Audi A6 collided with Plaintiff CHRISTOPHER HEINZE.

    16.    As a direct and proximate result of the aforesaid impact, Plaintiff CHRISTOPHER HEINZE suffered and continues to suffer injuries of a personal and pecuniary nature.

    17.    As a direct and proximate result of the aforesaid injuries, Plaintiff CHRISTOPHER HEINZE has experienced, and will continue to experience pain and suffering, emotional distress, disability, loss of normal life and permanent disfigurement.

    18.    As a further direct and proximate result of the aforesaid injuries, Plaintiff CHRISTOPHER HEINZE has incurred and will in the future incur legal obligations for medical bills and is at an increased risk for future injuries, all of which are permanent in nature.

    19.    Attached is an Affidavit in compliance with Supreme Court Rule 222(b) establishing that this cause of action is worth in excess of $50,000.00.

    WHEREFORE, WHEREFORE, Plaintiff, CHRISTOPHER HEINZE, prays for a judgment against Defendant FILIP CANAK for an amount in excess of FIFTY-THOUSAND DOLLARS



* 5 0 4 3 3 7 3 5 *

($50,000.00) plus costs and interests and for any other relief this Honorable Court Deems appropriate and just.

## COUNT II: VICARIOUS LIABILITY
### CHRISTOPHER HEINZE v. LYFT, INC.

1. On October 10, 2023, and at all times relevant herein, Plaintiff CHRISTOPHER HEINZE was a resident of the City of Chicago, County of Cook and State of Illinois.

2. On October 10, 2023, and at all times relevant herein, Defendant LYFT, INC., was authorized and licensed to do business in the City of Chicago, County of Cook, and State of Illinois.

3. On October 10, 2023, and at all times relevant herein, Defendant LYFT, INC., by and through its employees and/or agents, regularly conducted business in the City of Chicago, County of Cook and State of Illinois.

4. On October 10, 2023, and at all times relevant herein North Clarendon Avenue was a public thoroughfare running in a general north/south direction in the City of Chicago, County of Cook and State of Illinois.

5. On October 10, 2023, at approximately 7:20 p.m., Plaintiff CHRISTOPHER HEINZE was riding his bicycle northbound in the designated bike lane on North Clarendon Avenue at approximately 4343 North Clarendon Avenue in the City of Chicago, County of Cook and State of Illinois.

6. At the time and place aforesaid, Defendant FILIP CANAK operated a motor vehicle, namely a 2017 Audi A6, in the driveway of 4343 North Clarendon Avenue in the City of Chicago, County of Cook and State of Illinois.

7. At the time and place aforesaid, Defendant FILIP CANAK controlled a motor vehicle, namely a 2017 Audi A6, in the driveway of 4343 North Clarendon Avenue in the City of Chicago, County of Cook and State of Illinois.

* 5 0 4 3 3 7 3 5 *

8.     At the time and place aforesaid, Defendant FILIP CANAK had ownership interests in a motor vehicle, namely a 2017 Audi A6, in the driveway of 4343 North Clarendon Avenue in the City of Chicago, County of Cook and State of Illinois.

9.     At the time and place aforesaid, Defendant FILIP CANAK was logged into a digital network owned, operated, controlled and/or maintained by Defendant LYFT, INC.

10.     At the time and place aforesaid, Defendant FILIP CANAK had accepted a passenger's ride request via the digital network owned, operated, controlled and/or maintained by Defendant LYFT, INC.

11.     At the time and place aforesaid, Defendant FILIP CANAK transported a passenger obtained from the digital network owned, operated, controlled and/or maintained by Defendant LYFT, INC.

12.     On October 10, 2023, and at all times relevant herein, Defendant FILIP CANAK was an employee and/or actual agent and/or apparent agent of Defendant LYFT, INC.

13.     At the time and place aforesaid and at all times relevant herein, Defendant LYFT, INC., held out Defendant FILIP CANAK to the general public as an employee and/or agent.

14.     At the time and place aforesaid, and at all times relevant herein, Defendant FILIP CANAK was acting within the scope of his employment, actual and/or apparent agency relationship with Defendant LYFT, INC.

15.     At the time and place aforesaid, Section 11-502 of the Illinois Rules of the Road provided that a bicycle is a vehicle and every person riding a bicycle upon a highway shall be granted all of the rights applicable to the driver of a motor vehicle.

*5 0 4 3 3 7 3 5*

16.     At the time and place aforesaid, Defendant FILIP CANAK attempted to proceed northbound on North Clarendon Avenue from the driveway located at 4343 North Clarendon Avenue in the City of Chicago, County of Cook and State of Illinois.

17.     At the time and place aforesaid, Defendant FILIP CANAK attempted to proceed northbound on North Clarendon Avenue from the driveway located at 4343 North Clarendon Avenue to drop off a LYFT, INC., passenger.

18.     At all times relevant, Plaintiff CHRISTOPHER HEINZE was in the exercise of all due care and caution for his own safety and the safety of others.

19.     At the time and place aforesaid, Defendant LYFT, INC., by and through its employee and/or actual and/or apparent agent, FILIP CANAK had a duty to exercise reasonable care in the operation and control of the aforesaid motor vehicle so as not to cause injuries or damages to others, including Plaintiff CHRISTOPHER HEINZE.

20.     At the time and place aforesaid, Defendant LYFT, INC., by and through its employee and/or actual and/or apparent agent, FILIP CANAK, breached the aforementioned duty by committing one or more of the following negligent acts and/or omissions:

     a.  Failed to yield the right-of-way to a Plaintiff's bicycle approaching on the roadway when attempting to emerge from a driveway, contrary to and in direct violation of 625 ILCS 5/11-906;

     b.  Failed to yield the right-of-way to the Plaintiff's bicycle, contrary to and in direct violation of 625 ILCS 5/11-904;

     c.  Failed to exercise due care to avoid colliding with any person operating a bicycle, in violation of Section 9-40-160 of the Municipal Code of Chicago and 625 ILCS 5/11-1003.1;

     d.  Drove unnecessarily close to, toward, or near a bicyclist, contrary to and in direct violation of 625 ILCS 5/11-703(e);

7

* 5 0 4 3 3 7 3 5 *

e. Carelessly and improperly operated a motor vehicle at a speed that endangered the safety of persons or property contrary to 'and in direct violation of 625 ILCS 5/11-601;

f. Moved a motor vehicle into a lane of traffic without first ascertaining that such movement could be made with safety, contrary to and in direct violation of 625 ILCS 5/11-709;

g. Failed to obey a traffic-control device, contrary to and in direct violation of 625 ILCS 5/11-305;

h. Failed to properly signal his intention to turn right, contrary to and in direct violation of 625 ILCS 5/11-804;

i. Starting his vehicle when such movement could not be made with reasonable safety, contrary to and in direct violation of 625 ILCS 5/11-803;

j. Failed to yield the preferential right-of-way while entering a roadway from a private roadway, contrary to and in direct violation of 625 ILCS 5/11-904;

k. Failed to apply to brakes of a motor vehicle and reduce speed at such a distance as to control the movement of and stop said vehicle before impact, contrary to and in direct violation of 625 ILCS 5/11-601;

l. Failed to give an audible warning with the horn of said vehicle as would have been reasonably necessary to ensure safety, contrary to and in direct violation of 625 ILCS 5/12-601;

m. Failed to keep said vehicle under proper and sufficient control;

n. Failed to sound his horn to provide warning of the impending impact; and

o. Was otherwise careless and negligent in operating a motor vehicle.

21. At the time and place aforesaid, Defendant LYFT, INC., by and through its employee and actual and/or apparent agent FILIP CANAK, the 2017 Audi A6 collided with Plaintiff CHRISTOPHER HEINZE.

22. That one or more of the aforesaid negligent acts and/or omissions of Defendant LYFT, INC., was a proximate cause of the impact.



23.     As a direct and proximate result of the aforesaid impact, Plaintiff CHRISTOPHER HEINZE suffered and continues to suffer injuries of a personal and pecuniary nature.

24.     As a direct and proximate result of the aforesaid injuries, Plaintiff CHRISTOPHER HEINZE has experienced, and will continue to experience pain and suffering, emotional distress, disability, loss of normal life and permanent disfigurement.

25.     As a further direct and proximate result of the aforesaid injuries, Plaintiff CHRISTOPHER HEINZE has incurred and will in the future incur legal obligations for medical bills, and is at an increased risk for future injuries, all of which are permanent in nature.

26.     Attached is an Affidavit in compliance with Supreme court Rule 222(b) establishing that this cause of action is worth in excess of $50,000.00.

WHEREFORE, WHEREFORE, Plaintiff, CHRISTOPHER HEINZE, prays for a judgment against Defendant LYFT, INC., for an amount in excess of FIFTY-THOUSAND DOLLARS ($50,000.00) plus costs and interests and for any other relief this Honorable Court Deems appropriate and just.

## COUNT III: NEGLIGENT HIRING AND RETENTION
### CHRISTOPHER HEINZE v. LYFT, INC.

1.     On October 10, 2023, and at all times relevant herein, Plaintiff CHRISTOPHER HEINZE was a resident of the City of Chicago, County of Cook and State of Illinois.

2.     On October 10, 2023, and at all times relevant herein, Defendant LYFT, INC., was authorized and licensed to do business in the City of Chicago, County of Cook and State of Illinois.

3.     On October 10, 2023, and at all times relevant herein, Defendant LYFT, INC., by and through its employees and/or agents, regularly conducted business in the City of Chicago, County of Cook and State of Illinois.

* 5 0 4 3 3 7 3 5 *

4.      On and before October 10, 2023, Defendant FILIP CANAK was hired as an employee and/or agent by Defendant LYFT, INC.

5.      On and before October 10, 2023, Defendant FILIP CANAK did not possess or maintain an understanding of the Rules of the Road as required by the Illinois Secretary of State.

6.      On and before October 10, 2023, Defendant FILIP CANAK did not possess or maintain an understanding of the Rules of the Road as required by the Illinois Secretary of State as they relate to bicycle safety.

7.      On and before October 10, 2023, Defendant FILIP CANAK did not possess or maintain an understanding of the Rules of the Road as required by the Illinois Secretary of State as they relate to the operation of a motor vehicle on the roadway in the presence of bicyclists.

8.      On and before October 10, 2023, Defendant LYFT, INC., knew or should have known that Defendant FILIP CANAK was unfit for employment that involved operating a motor vehicle.

9.      On and before October 10, 2023, Defendant LYFT, INC., knew or should have known that Defendant FILIP CANAK was unfit for employment that involved operating a motor vehicle on the roadway in the presence of bicyclists.

10.      On and before October 10, 2023, Defendant LYFT, INC., knew or should have known that Defendant FILIP CANAK was unfit for employment that involved operating a motor vehicle around bicyclists.

11.      On and before October 10, 2023, Defendant LYFT, INC., knew or should have known that Defendant FILIP CANAK was unfit for employment that involved the legal and safe operation of a motor vehicle in the presence of a bicyclist.

* 5 0 4 3 3 7 3 5 *

12.     On and before October 10, 2023, Defendant LYFT, INC., either knew or should have known that Defendant FILIP CANAK did not possess or maintain an understanding of the Rules of the Road as required by the Illinois Secretary of State and would be dangerous to its Riders, other users of the roadway and the community at large.

13.     On and before October 10, 2023, Defendant LYFT, INC., knew or should have known that Defendant FILIP CANAK did not possess or maintain an understanding of the Rules of the Road as required by the Illinois Secretary of State was unfit for employment with LYFT, INC.

14.     On and before October 10, 2023, Defendant LYFT, INC., either knew or should have known that Defendant FILIP CANAK was unfit and that this unfitness was known or should have been known at the time of hiring.

15.     On and before October 10, 2023, Defendant LYFT, INC., either knew or should have known that Defendant FILIP CANAK was unfit and that this unfitness was known or should have been known during the time he worked for LYFT, INC.

16.     On and before October 10, 2023, and at all times relevant, herein, Defendant LYFT, INC., had a duty to exercise reasonable care in employing only competent individuals, including Defendant FILIP CANAK.

17.     On and before October 10, 2023, Defendant LYFT, INC., had a duty to utilize adequate policies and procedures to ensure they properly and sufficiently hired and retained qualified and competent personnel including Defendant FILIP CANAK.

18.     On and before October 10, 2023, and at all times relevant herein, Defendant LYFT, INC., had a duty to refrain from hiring or retaining an employee and/or agent who constituted a

* 5 0 4 3 3 7 3 5 *

danger LYFT, INC., riders and other users of the roadways, including Plaintiff CHRISTOPHER HEINZE.

19. At all times relevant herein, including at the time of Defendant FILIP CANAK's hiring and retention, Defendant LYFT, INC.., knew or should have known that FILIP CANAK's constituted a danger to its Riders and users of the roadway, including Plaintiff CHRISTOPHER HEINZE.

20. On and before October 10, 2023, Defendant LYFT, INC., failed to follow any of its internal policies and pre-employment procedures regarding its employees, including failing to conduct necessary background investigations.

21. On and before October 10, 2023, Defendant LYFT, INC., breached the aforesaid duty through one of more of following negligent or careless acts and/or omissions:

    a. Failed to develop, maintain and apply adequate hiring policies;

    b. Failed to develop, maintain and apply adequate retention policies;

    c. Failed to properly screen potential Driver agents or employees;

    d. Failed to implement appropriate pre-employment screening procedures;

    e. Hired Defendant FILIP CANAK to transport LYFT, INC., Riders, when it knew or should have known that FILIP CANAK did possess, maintain or demonstrate a basic understanding of the Rules of the Road;

    f. Failed to ensure Defendant FILIP CANAK was physically and mentally capable of safely transporting and driving Riders and between pick-up and drop-off locations;

    g. Failed to ensure Defendant FILIP CANAK was physically and mentally capable of safely driving LYFT, INC., Riders between destinations;

    h. Failed to ensure Defendant FILIP CANAK was physically and mentally capable of safely driving to pick up LYFT, INC., Riders;

    i. Failed to ensure Defendant FILIP CANAK was physically and mentally capable of using the LYFT, INC., application or platform while safely driving to pick-up and drop off LYFT, INC., Riders;

12



* 5 0 4 3 3 7 3 5 *

    j.   Failed to ensure Defendant FILIP CANAK was physically and mentally capable of safely driving to pick up and drop off LYFT, INC., Riders with pedestrians present;

    k.   Failed to follow proper policies and procedures to ensure that Defendant FILIP CANAK was qualified to operate a motor vehicle;

    l.   Failed to maintain and update an adequate employment file for Defendant FILIP CANAK;

    m.   Failed to ensure Defendant FILIP CANAK was capable of safely operating a motor vehicle;

    n.   Failed to timely terminate Defendant FILIP CANAK or remove him from his position working as a driver for LYFT, INC.;

    o.   Failed to restructure Defendant FILIP CANAK's position to a more suitable position given his skills, ability level and knowledge of applicable driving laws and Rules of the Road; and

    p.   Failed to follow proper policies and procedures regarding assessing the capability of employees.

22.    At the time and place aforesaid, Defendant LYFT, INC.'s failure to hire competent employees and/or agents, including Defendant FILIP CANAK, was negligent.

23.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions on the part of Defendant LYFT, INC., by and through its employee and/or agent FILIP CANAK, said motor vehicle struck Plaintiff CHRISTOPHER HEINZE.

24.    As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions on the part of Defendant LYFT, INC., on October 10, 2023, Plaintiff CHRISTOPHER HEINZE suffered catastrophic permanent injuries of a personal and pecuniary nature.

25.    As further direct and proximate result of the action of the Defendant, LYFT, INC., Plaintiff CHRISTOPHER HEINZE has experienced pain and suffering, disability, disfigurement, emotional distress, and loss of normal life; he has incurred and will in the future incur future legal

* 5 0 4 3 3 7 3 5 *

obligations for medical bills; and is at an increased risk for future injuries, all of which injuries and conditions are permanent.

26.      As a direct and proximate result of the aforesaid injuries, Plaintiff CHRISTOPHER HEINZE has experienced and will continue to experience in the future, pain and suffering, disabilities and loss of normal life.

27.      As a further direct and proximate result of the aforesaid injuries, Plaintiff CHRISTOPHER HEINZE has expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

28.      Attached is an Affidavit in compliance with Supreme Court Rule 222(b) establishing that this cause of action is worth in excess of $50,000.00.

WHEREFORE, Plaintiff, CHRISTOPHER HEINZE, prays for a judgment against Defendant LYFT, INC., for an amount in excess of FIFTY-THOUSAND DOLLARS ($50,000.00), plus costs and interests, and for any other relief this Honorable Court deems appropriate and just.

## COUNT IV: NEGLIGENT SUPERVISION
### CHRISTOPHER HEINZE v. LYFT, INC.

1.      On October 10, 2023, and at all times relevant herein, Plaintiff CHRISTOPHER HEINZE was a resident of the City of Chicago, County of Cook and State of Illinois.

2.      On October 10, 2023, and at all times relevant herein, Defendant LYFT, INC., was authorized and licensed to do business in the City of Chicago, County of Cook and State of Illinois.

3.      On October 10, 2023, and at all times relevant herein, Defendant LYFT, INC., by and through its employees and/or agents, regularly conducted business in the City of Chicago, County of Cook and State of Illinois.

14

* 5 0 4 3 3 7 3 5 *

4.     On and before October 10, 2023, Defendant FILIP CANAK was hired as an employee and/or agent by Defendant LYFT, INC.

5.     On and before October 10, 2023, and at all times relevant, herein, Defendant LYFT, INC., had a duty to utilize adequate policies and procedures to ensure they properly and sufficiently supervised qualified personnel, including Defendant FILIP CANAK.

6.     On and before October 10, 2023, Defendant LYFT, INC., knew or should have known that Defendant FILIP CANAK was unfit for employment that involved operating a motor vehicle.

7.     On and before October 10, 2023, Defendant LYFT, INC., knew or should have known that Defendant FILIP CANAK was unfit for employment that involved operating a motor vehicle around or in the presence of bicyclists.

8.     On and before October 10, 2023, Defendant LYFT, INC., knew or should have known that Defendant FILIP CANAK was unfit for employment that involved the legal and safe operation of a motor vehicle.

9.     On and before October 10, 2023, Defendant LYFT, INC., knew or should have known that Defendant FILIP CANAK was unfit for employment that involved the legal and safe operation of a motor vehicle in the presence of bicyclists.

10.     On and before October 10, 2023, Defendant LYFT, INC., knew or should have known that Defendant FILIP CANAK was unfit for employment that involved the legal and safe operation of a motor vehicle around bicyclists.

11.     On and before October 10, 2023, Defendant LYFT, INC., either knew or should have known that Defendant FILIP CANAK did not possess or maintain an understanding of the

15

* 5 0 4 3 3 7 3 5 *

Rules of the Road as required by the Illinois Secretary of State and would be dangerous to its Riders, other users of the roadway and the community at large.

12.     On and before October 10, 2023, Defendant LYFT, INC., breached the aforesaid duty through one of more of the following negligent or careless acts and/or omissions:

a.  Failed to follow proper policies and procedures regarding assessing the capability of employees;

b.  Failed to implement a standardized training protocol regarding safe driving practices;

c.  Failed to implement proper policies and procedures regarding minimum driver requirements consistent with Illinois law;

d.  Failed to implement proper policies and procedures regarding confirmation of its employees' qualifications;

e.  Failed to follow proper policies and procedures to ensure that FILIP CANAK was capable of operating a motor vehicle in a safe manner;

f.  Failed to restructure Defendant FILIP CANAK's position to a more suitable position given his skills, ability level and knowledge of applicable driving laws and Rules of the Road;

g.  Failed to provide reasonable supervision of its employees, including Defendant FILIP CANAK so as to prevent harm and injuries to its Riders and other users of the roadway, including Plaintiff CHRISTOPHER HEINZE;

h.  Failed to implement proper policies and procedures to ensure that Defendant FILIP CANAK was capable of safely operating a motor vehicle;

i.  Failed to implement proper policies and procedures to ensure that Defendant FILIP CANAK was capable of performing his job responsibilities free from harm to the public;

j.  Failed to provide adequate training, monitoring and support to its employees, including Defendant FILIP CANAK;

k.  Failed to follow proper policies and procedures to ensure Defendant FILIP CANAK provided all required background materials;

l.  Failed to follow proper policies and procedures to ensure that Defendant FILIP CANAK was capable of providing all required background materials; and

16



m. Was otherwise negligent in the supervision, training and control of Defendant FILIP CANAK.

13.     At the time and place aforesaid, Defendant LYFT, INC.'s failure to hire competent employees and/or agents, including Defendant FILIP CANAK, was negligent.

14.     As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions on the part of Defendant LYFT, INC., by and through its employee and/or agent FILIP CANAK, the 2017 Audi A6 collided with Plaintiff CHRISTOPHER HEINZE.

15.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions on the part of Defendant LYFT, INC., on October 10, 2023, Plaintiff CHRISTOPHER HEINZE suffered catastrophic permanent injuries of a personal and pecuniary nature.

16.     As further direct and proximate result of the action of the Defendant, LYFT, INC., Plaintiff CHRISTOPHER HEINZE has experienced pain and suffering, disability, disfigurement, emotional distress, and loss of normal life; he has incurred and will in the future incur future legal obligations for medical bills; and is at an increased risk for future injuries, all of which injuries and conditions are permanent.

17.     As a direct and proximate result of the aforesaid injuries, Plaintiff CHRISTOPHER HEINZE has experienced, and will continue to experience in the future, pain and suffering, disabilities and loss of normal life.

18.     As a further direct and proximate result of the aforesaid injuries, Plaintiff CHRISTOPHER HEINZE has expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

17



* 5 0 4 3 3 7 3 5 *

19.     Attached is an Affidavit in compliance with Supreme Court Rule 222(b) establishing that this cause of action is worth in excess of $50,000.00.

WHEREFORE, Plaintiff, CHRISTOPHER HEINZE, prays for a judgment against Defendant LYFT, INC., for an amount in excess of FIFTY-THOUSAND DOLLARS ($50,000.00), plus costs and interests, and for any other relief this Honorable Court deems appropriate and just.

Respectfully Submitted,
KEATING LAW OFFICES

_____
One of the Attorney for the Plaintiff

M. Catelyn Viggiano
KEATING LAW OFFICES, P.C.
111 West Washington Street, Suite 1631
Chicago, IL 60602
P: (312) 239-6787
Catelyn@KeatingLegal.com
Attorney Number: 45195

18



* 5 0 4 3 3 7 3 5 *

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| CHRISTOPHER HEINZE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. |
| | ) | |
| FILIP CANAK and LYFT, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ILLINOIS SUPREME COURT RULE 222(B) AFFIDAVIT**

NOW COMES the Affiant, M. Catelyn Viggiano, and states the following under oath:

1.   I am the attorney for the Plaintiff in this matter.

2.   The total money damages sought in this matter exceeds $50,000.00, exclusive of interest and costs.

_____
One of the Attorneys for the Plaintiffs

[X]   Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, I certify that the statements set forth herein are true and correct.

M. Catelyn Viggiano
KEATING LAW OFFICES, P.C.
111 W. Washington Street, Suite 1631
Chicago, IL 60602
Tel: (312) 239-6787
E-Mail: Catelyn@KeatingLegal.com
Firm Number: 45195

19



### SHERIFF'S OFFICE OF COOK COUNTY
### AFFIDAVIT OF SERVICE

**CASE NUMBER:** 2024L006390    **SHERIFF NUMBER:** 50433735    **MULT. SER.:** 1    **DOC. TYPE:** LAW

**DIE DATE:** 07/03/2024    **RECEIVED DATE:** 06/12/2024    **FILED DATE:** 06/10/2024    **DIST:** 602

| | |
|---|---|
| **DEFENDANT:** Lyft Inc | **PLAINTIFF:** Heinze, Christopher |
| **ADDRESS:** 208 S LaSalle | **ATTORNEY:** Keating Law Offices |
| **CITY:** Chicago | **ADDRESS:** 111 W Washington St 1631 |
| **STATE:** IL   **ZIP CODE:** 60602 | **CITY:** Chicago |
| **ATTACHED FEE AMT:** | **STATE:** IL   **ZIP CODE:** 60602 |
| **SERVICE INFORMATION:** R/A: CT Corp System | |

**I CERTIFY THAT I SERVED THE DEFENDANT/RESPONDENT AS FOLLOWS:**

☐ **(1) PERSONAL SERVICE:** BY LEAVING A COPY OF THE WRIT/ORDER WITH THE DEFENDANT/RESPONDENT PERSONALLY, AND INFORMING DEFENDANT/RESPONDENT OF CONTENTS.

☐ **(2) SUBSTITUTE SERVICE:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT AT THE DEFENDANT'S USUAL PLACE OF ABODE WITH A FAMILY MEMBER OR PERSON RESIDING THERE, 13 YEARS OR OLDER, AND INFORMING THAT PERSON OF THE CONTENTS OF THE SUMMONS. ALSO, A COPY OF THE SUMMONS WAS MAILED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE ON THE  DAY OF _  20.

☐ **(3) UNKNOWN OCCUPANTS:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT NAMING "UNKNOWN OCCUPANTS" WITH A PERSON OF THE AGE OF 13 OR UPWARDS OCCUPYING SAID PREMISE.

☑ **(4) CORP/CO/BUS/PART:** BY LEAVING THE APPROPRIATE NUMBER OF COPIES OF THE SUMMONS, COMPLAINTS, INTERROGATORIES, JUDGMENTS, CERTIFICATIONS AND NOTICES WITH THE REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER OF THE DEFENDANT CORPORATION ____COMPANY____BUSINESS ____ PARTNERSHIP ___

☐ **(5) PROPERTY RECOVERED:** NO ONE PRESENT TO RECEIVE ORDER OF COURT. ORDER POSTED IN PLAIN VIEW.

☐ **(6) S.O.S/D.O.I.:** BY LEAVING THE SUMMONS AND COMPLAINT WITH THE SECRETARY OF THE STATE/DIRECTOR OF INSURANCE OF THE STATE OF ILLINOIS, AN AGENT OF SAID DEFENDANT LISTED ABOVE. ANY AGENT OF SAID CORPORATION NOT FOUND IN THE COUNTY OF COOK.

☐ **(7) CERTIFIED MAIL**

**** COMPLETE THIS SECTION IF WRIT IS A THIRD PARTY CITATION/GARNISHMENT ****

☐ **(8)** AND BY MAILING ON THE ___ DAY OF _____ 20 _____ A COPY OF THE THIRD PARTY GARNISHMENT/CITATON SUMMONS AND NOTICE TO THE JUDGMENT DEBTOR'S LAST KNOWN ADDRESS AS INDICATED IN THE NOTICE WITHIN (2) BUSINESS DAYS OF SERVICE UPON GARNISHEE/THIRD PARTY DEFENDANT.

**THE NAMED DEFENDANT WAS NOT SERVED FOR THE GIVEN REASON BELOW:**

☐ (01) NO CONTACT      ☐ (05) WRONG ADDRESS      ☐ (09) DECEASED
☐ (02) MOVED           ☐ (06) NO SUCH ADDRESS     ☐ (10) NO REGISTED AGENT
☐ (03) EMPTY LOT       ☐ (07) EMPLOYER REFUSAL    ☐ (11) OUT OF COOK COUNTY
☐ (04) NOT LISTED      ☐ (08) CANCELLED BY PLAINTIFF ATTY   ☐ (12) OTHER REASON (EXPLAIN)

**EXPLANATION:**

| | | ATTEMPTED SERVICES | | |
|---|---|---|---|---|
| **WRIT SERVED ON:** DERRICK HACKETT | | | | |
| **SEX:** M  **RACE:** BL  **AGE:** 30 | | Date | Time | Star # |
| **THIS** 13 **DAY OF** June  20 24 | | | | |
| **TIME:** 11:00 AM | | | | |

THOMAS J. DART,
SHERIFF, BY: /S/   GIBSON, ANDY #11216                    , DEPUTY





**SHERIFF'S OFFICE OF COOK COUNTY**
**AFFIDAVIT OF SERVICE**

| | | | |
|---|---|---|---|
| **CASE NUMBER:** 2024L006390 | **SHERIFF NUMBER:** 50433735 | **MULT. SER.:** 1 | **DOC. TYPE:** LAW |
| **DIE DATE:** 07/03/2024 **RECEIVED DATE:** 06/12/2024 | **FILED DATE:** 06/10/2024 | **DIST:** 602 | |

| Date | Time | Star # |
|---|---|---|

District 1

# Case Summary

### Case No. 2024L006390

| | | | |
|---|---|---|---|
| **Christopher Heinze-vs-Lyft, Inc.,Filip Canak** | § | Location: | **District 1** |
| | § | Judicial Officer: | **Calendar, B** |
| | § | Filed on: | **06/10/2024** |
| | § | Cook County Attorney Number: | **45195** |
| | § | Cook County Attorney Number: | **44613** |

---

## Case Information

Case Type: Motor Vehicle - Non Jury
Case Status: **06/10/2024  Pending**

---

## Assignment Information

**Current Case Assignment**
Case Number      2024L006390
Court            District 1
Date Assigned    06/10/2024
Judicial Officer  Calendar, B

---

## Party Information

*Lead Attorneys*

**Plaintiff**    **Heinze, Christopher**    **Viggiano, Margaret Catelyn**
*Retained*

**Defendant**    **Canak, Filip**

**Lyft, Inc.**



## Events and Orders of the Court

**10/02/2025**

**Trial Certification CMC Date**  (10:30 AM)  (Judicial Officer: Barrett, Michael B)
  Resource: Location L2202 Court Room 2202
  Resource: Location D1 Richard J Daley Center

**02/18/2025**

**Continued Case Management**  (10:30 AM)  (Judicial Officer: Barrett, Michael B)
  Resource: Location L2202 Court Room 2202
  Resource: Location D1 Richard J Daley Center
  *INTERIM*

**12/18/2024**  **First Time Motion Hearing**  (9:00 AM)  (Judicial Officer: Barrett, Michael B)
  Resource: Location L2202 Court Room 2202
  Resource: Location D1 Richard J Daley Center

**12/02/2024**

Notice Of Motion Filed
  Party:  Plaintiff Heinze, Christopher

**12/02/2024**

Motion Filed
  *Plaintiff's Motion to Compel Defendant Lyft, Inc. to Answer Written Discovery*
  Party:  Plaintiff Heinze, Christopher
  *Plaintiff's Motion to Compel Defendant Lyft, Inc. to Answer Written Discovery*

**12/02/2024**

Exhibits Filed
  Party:  Plaintiff Heinze, Christopher

**11/21/2024**

Notice Of Filing Filed
  Party:  Plaintiff Heinze, Christopher

**11/21/2024**

Response / Reply - Filed
  *Plaintiff's Reply to Defendant Lyft, Inc.'s Affirmative Defenses*
  Party:  Plaintiff Heinze, Christopher
  *Plaintiff's Reply to Defendant Lyft, Inc.'s Affirmative Defenses*

**09/26/2024**

Certificate Filed
  *Certificate of Service of Discovery Documents*
  Party:  Plaintiff Heinze, Christopher
  *Certificate of Service of Discovery Documents*

09/05/2024
Notice Of Filing Filed
    Party:   Plaintiff Heinze, Christopher

09/05/2024
Notice Filed
    Party:   Plaintiff Heinze, Christopher

09/05/2024
Alias Summons Issued
    Party:   Plaintiff Heinze, Christopher

09/05/2024
Alias Summons Issued
    Party:   Plaintiff Heinze, Christopher

08/14/2024    Issue Alias Summons - Allowed -     (Judicial Officer: Barrett, Michael B)
    Party:   Plaintiff Heinze, Christopher

08/14/2024

Case Continued For Case Management Conference - Allowed -     (Judicial Officer: Barrett, Michael B)
    Party:  Plaintiff Heinze, Christopher

08/14/2024

Case Continued For Case Management Conference - Allowed -     (Judicial Officer: Barrett, Michael B)
    Party:  Plaintiff Heinze, Christopher

08/14/2024    **First Time Case Management**    (10:30 AM)    (Judicial Officer: Barrett, Michael B)

> Resource: Location L2202 Court Room 2202
> Resource: Location D1 Richard J Daley Center
> **MINUTES - 08/14/2024**
>
> Issue Alias Summons - Allowed -    (Judicial Officer: Barrett, Michael B)
>    Party:    Plaintiff Heinze, Christopher
>
> 🗒
> Case Continued For Case Management Conference - Allowed -
>    (Judicial Officer: Barrett, Michael B)
>    Party:    Plaintiff Heinze, Christopher
>
> 🗒
> Case Continued For Case Management Conference - Allowed -
>    (Judicial Officer: Barrett, Michael B)
>    Party:    Plaintiff Heinze, Christopher
>
> 🗒
> **Continued Case Management**    (02/18/2025 at 10:30 AM)    (Judicial Officer: Barrett, Michael B)
>    Resource: Location L2202 Court Room 2202
>    Resource: Location D1 Richard J Daley Center
>    *INTERIM*
> 🗒
> **Trial Certification CMC Date**    (10/02/2025 at 10:30 AM)    (Judicial Officer: Barrett, Michael B)
>    Resource: Location L2202 Court Room 2202
>    Resource: Location D1 Richard J Daley Center
> Continued;

07/15/2024    🗒

> Appearance Filed - Fee Paid - (Jury Demand)
>    *Appearance and Jury Demand for Lyft*
>    Party:    Defendant Lyft, Inc.
>    *Appearance and Jury Demand for Lyft*

07/15/2024    🗒

> Notice Of Filing Filed
>    *Notice of Filing*
>    Party:    Defendant Lyft, Inc.
>    *Notice of Filing*

07/11/2024

Electronic Notice Sent
   Party:   Plaintiff Heinze, Christopher
   Party 2:   Attorney Viggiano, Margaret Catelyn

07/11/2024

Electronic Notice Sent
   Party:   Plaintiff Heinze, Christopher
   Party 2:   Attorney Viggiano, Margaret Catelyn

06/18/2024

Summons Served - Corporation/Company/Business
   *Sheriff ID: 50433735, UNKNOWN LITIGANT Sheriff Filename: 2024L00639050433735.pdf*
   Date Served:   06/13/2024

06/10/2024   New Case Filing

06/10/2024

Personal Injury (Motor Vehicle) Complaint Filed
   Party:   Plaintiff Heinze, Christopher
   Party 2:   Attorney Viggiano, Margaret Catelyn

06/10/2024

Summons Issued And Returnable
   Party:   Plaintiff Heinze, Christopher
   Party 2:   Attorney Viggiano, Margaret Catelyn

06/10/2024

Summons Issued And Returnable
   Party:   Plaintiff Heinze, Christopher
   Party 2:   Attorney Viggiano, Margaret Catelyn



Office of the Secretary of State

ilsos.gov

# Business Entity Search

## Entity Information

| | | | |
|---|---|---|---|
| **Entity Name** | LYFT, INC. | | |
| **Foreign Assumed Name** | LYFT ILLINOIS, INC. | | |
| **File Number** | 69753604 | **Status** | ACTIVE |
| **Entity Type** | CORPORATION | **Type of Corp** | FOREIGN BCA |
| **Qualification Date (Foreign)** | 10-16-2014 | **State** | DELAWARE |
| **Duration Date** | PERPETUAL | | |
| **Annual Report Filing Date** | 09-20-2024 | **Annual Report Year** | 2024 |
| **Agent Information** | C T CORPORATION SYSTEM 208 SO LASALLE ST, | **Agent Change Date** | 09-20-2017 |



EXHIBIT
D

SUITE 814
CHICAGO ,IL 60604-1101

## Services and More Information

Choose a tab below to view services available to this business and more information about this business.

| Purchase Master Entity Certificate of Good Standing |

Change of Registered Agent and/or Registered Office

Adopting Assumed Name